The Chicago, Rock Island & Pacific Railway Company v. William McGlinn.

MILITARY RESERVATION, *Railroad Stock Law Operative Within.* Conceding for the purposes of this case, that the act of February 22, 1875, entitled "An act to cede jurisdiction to the United States over the territory of the Fort Leavenworth military reservation," is valid, and conceding that the United States has legally accepted the grant, the statute of February 27, 1874, entitled "An act relating to killing or wounding stock by railroads," continues to be operative within the limits of the reservation, as the act has not been abrogated by congress, and is not inconsistent with the existing laws of the United States.

*Error from Leavenworth District Court.*

ACTION brought by *William McGlinn* against the *Chicago, Rock Island & Pacific Railway Co.*, to recover the value of a cow which strayed upon defendant's railroad, within the limits of the Fort Leavenworth military reservation. The case arose under the stock law of 1874, making railroad corporations liable for stock killed on roads not inclosed with a good and lawful fence, to prevent such animals from being on the road. Trial had at the December Term, 1881, of the court. The case was submitted upon the following agreed statement of facts:

"On or about the 10th day of February, 1881, a cow, the property of plaintiff, of the value of twenty-five dollars, strayed upon the railroad of the defendant at a point within the limits of. the Fort Leavenworth military reservation, in said county and state, where said road was not inclosed with a fence, and was then and there, and within the limits of said reservation, struck and killed by a train passing along said railroad, belonging to said defendant. Said Fort Leavenworth military reservation is the said reservation referred to in an act of the legislature entitled 'An act to cede jurisdiction to the United States over the territory of the Fort Leavenworth military reservation,' approved February 22, 1875.

"Demand for said sum of twenty-five dollars was made by plaintiff of said defendant, more than thirty days before this suit was brought, and payment refused; and if said plaintiff is entitled to recover attorney's fees, twenty dollars would be a reasonable fee in this case."

The court, upon consideration, rendered judgment for plaintiff for forty-five dollars. The defendant filed a motion to set aside the judgment, which was overruled, and it now brings the case here.

*M. A. Low*, for plaintiff in error.

*Thomas P. Fenlon*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The question presented for our consideration is, whether the statute of 1874, entitled "An act relating

to killing or wounding stock by railroads," is operative within the limits of the United States military reservation, known as the Fort Leavenworth reservation.  By an act of the legislature of our state, approved February 22, 1875, it was provided:

"That exclusive jurisdiction be and the same is hereby conceded to the United States over and within all the territory owned by the United States, and included within the limits of the United States military reservation known as the Fort Leavenworth reservation, in said state, as declared from time to time by the president of the United States, saving, however, to the said state, the right to serve civil or criminal process within said reservation, in suits or prosecutions for or on account of rights acquired, obligatons incurred or crimes committed in said state, but outside of said cession and reservation; and saving further to said state the right to tax railroad, bridge, and other corporations, their franchises and property, on said reservation."

Counsel for plaintiff in error (defendant below.) claims that since the enactment of this statute, the laws of the State have had no more force within the territory attempted to be ceded thereby, than they have in Missouri or Maine, and that the rights and liabilities of parties for acts done within this territory since the alleged cession of jurisdiction, must be determined, not by the laws of Kansas, but of the United States.

On the part of the defendant in error (plaintiff below), it is urged that the act of 1875, ceding jurisdiction of the Fort Leavenworth reservation to the United States, is void, on the ground that there is no power vested in the legislature of Kansas to cede away any of the sovereign political rights of the state, and that the constitution of the state grants no power to its legislature to divest the state of any part of its governmental authority over any portion of the soil included within its boundaries when admitted into the union. It is further claimed, that although the eighth section of the first article of the federal constitution gives congress the exclusive right of legislation "over all places purchased by the consent of the legislature of the state  .  .  .  for the erection of forts, magazines, arsenals, dockyards and other

needful buildings," it cannot be asserted that the legislature of Kansas ever consented to the purchase by the federal government of the Fort Leavenworth military reservation. Further, it is contended that if the power does exist in the Kansas legislature to cede jurisdiction of a portion of its territory to the United States, it cannot compel the federal government to accept such grant; and in the absence of any evidence tending to show an acceptance of the grant by the United States, no presumption exists that the government has ever accepted the grant. It is finally contended, that as the act of February 27, 1874, applied to the Fort Leavenworth reservation prior to the claimed cession of jurisdiction to the United States by the act of February 22, 1875, that the act of 1874 is operative and of full force over the ceded territory, as such act has not been modified or repealed by any law of the United States, and is not inconsistent or in conflict with the provisions of any existing law of the United States. As steps are being taken to obtain the opinion of the supreme court of the United States upon the validity and interpretation of the act of February 22, 1875, by the prosecution of proceedings in error from the judgment of this court rendered in the case of *The Fort Leavenworth Railroad Company v. Lowe*, 27 Kas. 749, we content ourselves with deciding the matter before us upon the last proposition made by counsel representing defendant in error.

It is the rule, as we understand it, that all laws and municipal regulations in force at the time any territory is ceded by one power to another power or jurisdiction, remain in force until changed by the new sovereign authority, unless such laws and regulations are inconsistent or in conflict with the existing laws of the new power taking possession of the ceded territory. It follows from this, that even conceding the validity of the act of February 22, 1875, ceding to the United States the Fort Leavenworth reservation, and conceding that the United States has legally accepted the grant, the act of 1874 is operative over the reservation, because such act has not been abrogated by congress, nor is it inconsistent

with any legislation 'of that body. (*Cass v. Dillon,* 2 Ohio St. 607; *United States v. Heirs,* 11 How. 570. See *The Fort Leavenworth Rld. Co. v. Lowe,* supra.)

The judgment of the district court will be affirmed.

All the Justices concurring.